IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
IN THE WESTERN DIVISION

| | |
|---|---|
| MARY DOE as next friend of JOHN DOE 1, JOHN DOE 2, and JOHN and JANE DOES 1-100, <br><br>   Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, VARSITY BRANDS HOLDING COMPANY, INC., U.S. ALL STAR FEDERATION, INC., d/b/a U.S. ALL STAR FEDERATION, USA FEDERATION FOR SPORT CHEERING d/b/a USA CHEER, CHARLESBANK CAPITAL PARTNERS, LP, BAIN CAPITAL, LP, JEFF WEBB, individually, GYM & STUDIO OPS, LLC d/b/a PREMIER ATHLETICS, SUSAN TRAYLOR, and DOMINICK FRIZZELL, <br><br>   Defendants. | Case No.: 2:22-cv-02657-JTF-tmp |

**ORDER DENYING ALL PLAINTIFFS' MOTION TO STAY PROCEEDINGS AND GRANTING DEFENDANTS' MOTION TO CONTINUE SCHEDULING CONFERENCE**

Before the Court is All Plaintiffs' Motion to Stay Proceedings, filed on March 28, 2023. (ECF No. 67.) The present case is part of a series of cases brought across multiple federal district courts, and Plaintiffs seek to stay the proceedings in the present case pending a ruling by the Judicial Panel on Multidistrict Litigation on whether to transfer and consolidate all pending actions. The Defendants filed three separate responses in opposition, all on April 11, 2023. (ECF Nos. 105, 106 & 109.) All opposed a full stay of proceedings, but Defendants Varsity Brands,

LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., Charlesbank Capital Partners, LP ("Charlesbank"), Bain Capital, LP ("Bain"), and Jeff Webb (collectively the "Corporate Defendants) proposed a stay of discovery pending this Court's decision on the pending Motions to Dismiss, or alternatively a stay of proceedings until a decision on near-identical Motions to Dismiss in a different, related case pending in the District of South Carolina. (ECF No. 109.) For the below reasons, the Motion is **DENIED**.

I. FACTUAL BACKGROUND

The present case is one of twelve actions pending across multiple federal district courts. In general terms, the plaintiffs in each case "allege physical and financial injuries stemming from systemic failures of Defendants' network of cheer camps, coaches, competitions, and clinics." (ECF No. 67, 2.) All plaintiffs were minor children who allege to have experienced sexual and physical abuse while participating in a competitive cheerleading system allegedly overseen by the organizational defendants and Defendant Webb. Individual alleged abusers are named in each respective action; only the organizational defendants and Webb are common to all. The plaintiffs' amended complaint lists causes of action under the Protecting Young Victims from Sexual Abuse Act and the civil RICO Act, as well as common law claims of Gross Negligence, Negligent Supervision, Assault/Battery, Breach of Contract, Respondeat Superior, Unjust Enrichment, Fraud, Negligent Security, and Intentional and/or Negligent Infliction of Emotional Distress. (ECF No. 7.) In addition to the present case, there is one case before Judge Otis D. Wright, II, of the Central District of California, three cases before Judge Carlos E. Mendoza of the Middle District of Florida, one case before Judge Victoria M. Calvert of the Northern District of Georgia, one case before Judge Richard E. Meyers, II, of the Eastern District of North

Carolina, one case before Judge Pamela A. Barker of the Northern District of Ohio, and four cases before Judge Henry M. Herlong, Jr., of the District of South Carolina. (ECF No. 67-2.)

The parties here filed a Joint Motion to Set Briefing Schedule on December 9, 2022, requesting that the Court set deadlines for briefing initial motions to dismiss according to a globally negotiated schedule for all cases. (ECF No. 31.) The Court granted that motion on December 13, 2022. (ECF No. 37.) Under the new schedule, Defendants owed a response to the complaint by March 31, 2023. (*Id.*) On that day, Defendants filed nine separate Motions to Dismiss. (ECF Nos. 79, 80, 82, 83, 86, 87, 89, 91, 93.) The Plaintiffs' responses are due by May 1, 2023, and Defendants' replies are due by May 15, 2023. (ECF No. 37.)

In the meantime, Plaintiffs in all the related actions filed a "Motion of DOE Plaintiffs for Transfer of Actions to the Western District of Tennessee Pursuant to U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings" before the United States Judicial Panel on Multidistrict Litigation ("JPML") on March 1, 2023. (ECF No. 67-1.) In this motion, the Plaintiffs sought for all cases to be transferred and consolidated before Judge Sheryl H. Lipman of the Western District of Tennessee in an organized Multidistrict Litigation.[1] (*Id.*) The defendants have opposed the motion, which is set for hearing before the JPML on May 25, 2023. (ECF No. 111.)

The Plaintiffs then filed the present motion on March 28, 2023. (ECF No. 67.) The Plaintiffs argue that proceedings in the present case should be stayed pending a decision by the Multidistrict Litigation Panel on the Motion to Transfer, in order to avoid conflicting rulings on

---

[1] Judge Lipman is currently presiding over a series of cases involving alleged anti-trust violations by some of corporate defendants in this case, including the numerous Varsity entities, USASF, USACheer, Bain, and Charlesbank, as well as Jeff Webb individually. *See Fusion Elite All Stars, et al v. Varsity Brands, LLC, et al,* No. 2:20-cv-02600-SHL-tmp; *Jones et al v. Bain Capital Private Equity et al*, No. 2:20-cv-2892-SHL-tmp; *American Spirit and Cheer Essentials, Inc. et al v. Varsity Brands LLC et al*, No. 2:20-cv-2782-SHL-tmp.

pending motions between districts and to preserve judicial resources. (*Id.*) The Defendants filed three responses in opposition on April 11, 2023. (ECF Nos. 105, 106 & 109.)

## II. LEGAL STANDARD

A district court's power to stay proceedings is incidental to its power to control its docket. This power is "inherent in every court to control the disposition of the causes [on] its docket with economy of time and effort for itself, for counsel and for litigants," and the decision of whether to stay "ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. District Court*, 565 F.2d 393, 396 (6th Cir. 1977)). Stays are often issued while "the resolution of a related action in another court is pending." *Ephraim v. Abbott Laboratories, Inc.*, 601 F.Supp.3d 1274, 1275 (S.D. Fla. Apr. 27, 2022). The motion to transfer before the JPML is such a related action, and "courts 'frequently grant stays' pending the JPML's determination [of] whether to consolidate and transfer cases." *Id.*

However, a stay is not automatic. The Court's decision should be guided by balancing the following factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Dunaway v. Purdue Pharma L.P.*, 391 F.Supp.3d 802, 807 (M.D. Tenn. 2019) (citing *Glazer v. Whirlpool Corp.*, No. 1:08-CV-1624, 2008 WL 4534133, at *2 (N.D. Ohio Oct. 6, 2008)). Ultimately, "whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

## III. LEGAL ANALYSIS

The Plaintiffs state that a stay of proceedings in the present case is warranted since "the JPML has consistently consolidated complex multistate actions" when common questions predominate. (ECF No. 67, 5.) They argue that entering a stay will "conserve judicial resources and avoid inconsistent determinations on the same pretrial issues by allowing a single transferee court to consider the common legal and factual pretrial issues together." (*Id.* at 5-6.) They state that the arguments and claims across the different actions have been largely the same, and that the Court "would potentially risk duplicating efforts with the transferee court and would also have to begin the procedural challenge of case management" if the case is not stayed. (*Id.* at 8-9.)

The Defendants oppose a stay. Across multiple responses, they argue that the Plaintiffs have not demonstrated any hardship or inequity they would face if the action is not stayed. (ECF No. 109, 9.) The Defendants also note that the Motions to Dismiss involve jurisdictional questions related to Defendants Charlesbank and Bain that are often addressed regardless of any pending motion before the JPML. (*Id.*) Finally, they point to the extensive coordination that the parties have already engaged in as evidence that discovery is unlikely to be difficult to organize while the cases remain separate. (*Id.* at 10.)

While the Court is aware of the dangers of potentially duplicated efforts and conflicting orders, the dangers do not seem high enough to warrant a stay. The plaintiffs do not articulate specific hardships or inequity they may face if a stay is not entered. They instead rest entirely on the potential that the Court may duplicate efforts or contradict another Court by ruling on the Motions to Dismiss before the JPML consolidates all cases. These concerns are serious, but the Panel has set the hearing on the relevant Motion to Transfer for May 25, 2023, after which the parties anticipate waiting only "at least one or two additional weeks" for a ruling. (ECF No. 109, 8); *see also Grey v. Target Corporation*, No. 13-62769-Civ-SCOLA, 2014 WL 12600138, at *2

(S.D. Fla. Jan. 27, 2014) (noting that "the JPML is typically prompt in determining whether a transfer is appropriate") (citing David F. Herr, Multidistrict Litigation Manual § 4:27 (2012 ed.)). The only currently pending motions that could generate contradictory rulings with another court are the nine Motions to Dismiss filed by Defendants. The briefing schedule (which Plaintiffs agreed to) sets the end of briefing on those motions for May 15, 2023, only ten days before the hearing. (ECF No. 37.) To put it bluntly, the Court will be unable to rule on nine dispositive Motions to Dismiss that involve questions of personal jurisdiction, complex RICO claims, and state law torts in only three weeks' time. By the time the Court fully considers and rules on the pending motions, the Motion to Transfer will be resolved, and not staying the case means those motions will be fully briefed rather than unnecessarily delayed, either for this Court or the transferee court. The potential for wasted judicial resources and conflicting rulings is low given this tight time scale.

      Other courts have often viewed such short time periods as reducing the potential harm from a stay and weighing in favor of granting them. *See Beshear v. Volkswagen Group of America, Inc.*, 16-cv-27-GFVT, 2016 WL 3040492, at *7 (E.D. Ky. May 25, 2016). Often this is framed around delay in the commencement of discovery. *Id.* ("When there will be no extended delay in the commencement of discovery from issuing a stay that is only in effect until the JPML issues a final decision on transfer, there is no substantial prejudice to the plaintiff.") However, the commencement of discovery is still a live issue in this case. The Corporate Defendants even "agree that a stay of discovery during the pendency of this Court's decision on the motions to dismiss is appropriate" and note that the start date may be negotiated to avoid any prejudice to Plaintiffs. (ECF No. 109, 9.) Other courts have noted that where counsel is identical across multiple cases in which consolidation is sought, as here, coordination of discovery is

significantly easier and a stay is less warranted. *See Blackmore v. Smitty's Supply, Inc.*, 451 F.Supp.3d 1003, 1008 (N.D. Iowa 2020). Frankly, given the Plaintiffs are the ones seeking transfer and stay, it appears they do not believe they would be prejudiced from a delay in the start of discovery, and on this the parties are in agreement. It is unclear what a stay here would accomplish that the parties cannot accomplish themselves.

Indeed, the only possible prejudice the Plaintiffs may face from a failure to stay the case would be complying with the briefing schedule on the pending Motions to Dismiss, a schedule to which they have already agreed. It should go without saying that holding a party to prior agreements regarding case scheduling is not prejudicial. The Defendants, for their part, note that staying the case would delay the resolution of the Motions to Dismiss regardless of whether the Motion to Transfer is granted or not, as the briefing would be halted and require a future delay after the JPML rules. (ECF No. 109, 8.) Given that all parties had agreed to, and expected, the briefing to be concluded pursuant to the briefing schedule, this constitutes prejudice. *See Blackmore*, 451 F.Supp.3d at 1009-10 (prejudice from a delay of two months).

In sum then, the plaintiffs offer no specific argument of hardship or inequity if a stay is not granted, the risk of conflicting rulings or wasted judicial resources is low given the tight time scale and ongoing briefing, and Defendants would be prejudiced from a delay in briefing given the parties agreed timeline. Accordingly, the Motion to Stay is **DENIED**.

Additionally, the Defendants filed a Motion to Continue Scheduling Conference on April 25, 2023. (ECF No. 112.) In this Motion, the Defendants note that they believe they are not equipped to set a start date for discovery until after the JPML issues its ruling. As currently set, the parties are to submit a proposed joint scheduling order regarding the commencement date and conduct of discovery before a scheduling conference set for May 2, 2023. The Defendants seek

to reschedule that conference for a date past the time where the JPML will issue its ruling and to schedule a separate status conference following the JPML hearing so that the Court may advised of its outcome and the status of a ruling. The Plaintiffs take no position on the motion. Given that delaying the scheduling conference will obviate any potential prejudice from the denial of the stay even further, the Court finds that there is good cause for this motion and hereby **GRANTS** it as well. The Scheduling Conference, and separate status conference, will be reset by separate order.

**IT IS SO ORDERED** this 25th day of April, 2023.

s/John T. Fowlkes, Jr.,_____
**JOHN T. FOWLKES, JR.**
**UNITED STATES DISTRICT JUDGE**
