**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| Mary Doe as next friend of John Doe, John Doe 2, and John and Jane Does 1-100,<br><br>    Plaintiffs,<br><br>v.<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation; USA Federation for Sport Cheering d/b/a USA Cheer; Charlesbank Capital Partners, LP; Bain Capital, LP; Jeff Webb, individually; Gym & Studio Ops, LLC d/b/a Premier Athletics, Susan Traylor, and Dominick Frizzell,<br><br>    Defendants. | Case No. 2:22-cv-02657 |

**DEFENDANT JEFF WEBB'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiffs' Memorandum in Opposition to Defendant Jeff Webb's Motion to Dismiss the Complaint (the "Opposition" or "Opp.") fails to identify any *facts* alleged in the Complaint that support their claims against Mr. Webb. Instead, Plaintiffs rely upon fiction, wild speculation, and baseless innuendo in a desperate attempt to keep Mr. Webb in this lawsuit.

Relying on the allegation that Mr. Webb founded Varsity and allegedly had some role in creating Defendants USASF and USA Cheer, the Opposition makes the unwarranted leap to claim that Mr. Webb "controlled the competitive cheer industry," "design[ed] a scheme to retain absolute control of the industry," "exercised control over all aspects of competitive cheer," and "was considered by all to have utter control over Allstar competitive cheer." (Opp. at 2 – 4, 19.) In making such generalized assertions, Plaintiffs do not rely on factual allegations in the Complaint. To survive, Plaintiffs' claims must rely on the actual allegations in the Complaint. *See Bates v.*

1

*Green Farms Condo. Ass'n*, 958 F.3d 470, 484 (6th Cir. 2020) ("Plaintiff[] cannot . . . amend [his] complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.").

Plaintiffs' unsupported and conclusory allegations cannot advance their improper attempt to hold Mr. Webb liable for sexual abuse committed by a third person over whom Mr. Webb had no authority or oversight, and involving Plaintiffs with whom Mr. Webb had no relationship. Plaintiffs' notion that starting a cheer company makes Mr. Webb responsible for everything that happens in the entire cheer industry, and liable for any harm to any cheerleader, is patently absurd.

## II.     ARGUMENT

### A.    Plaintiffs' Section 2255 Claim Fails as a Matter of Law

In their Opposition, Plaintiffs claim that Mr. Webb, and other defendants, aided and abetted the violations of 18 U.S.C. § 2422 by Defendant Frizzell. (Opp. p. 17.) Plaintiffs do not attempt to satisfy the required elements to allege aiding and abetting.

To establish liability under Section 2255 based on aiding and abetting, Plaintiffs would need to allege that: "(1) the substantive offense has been committed; (2) [Mr. Webb] knew the offense was being committed; and (3) [Mr. Webb] acted with intent to facilitate it." *Doe v. Liberatore*, 478 F. Supp. 2d 742, 756 (M.D. Pa. 2007); *see also United States v. Dolt*, 27 F.3d 235, 238 (6th Cir. 1994) ("In order to establish aiding and abetting, the government must prove that the substantive offense has been committed . . . the defendant committed overt acts or affirmative conduct to further the offense, and intended to facilitate the commission of the crime.") Neither Plaintiffs' Complaint nor their Opposition alleges any facts that could plausibly support a claim that Mr. Webb aided and abetted a criminal offense under Section 2422.

With respect to knowledge of the offense, Plaintiffs make the conclusory allegation that "all Defendants, including Defendant Webb, knew or should have known of Defendant Frizzell's

offending conduct." (Opp. 11.) However, Plaintiffs have not alleged any *facts* supporting this claim of knowledge. They do not allege any facts suggesting that Mr. Webb knew that Defendant Frizzell was subjecting Plaintiffs to unlawful sexual activity. Nor do they allege any facts that suggest Mr. Webb had any reason to suspect that Defendant Frizzell was sexually abusing Plaintiffs or anyone else. Thus, Plaintiffs cannot prove the second element of aiding and abetting. *See Liberatore*, 478 F. Supp. 2d (finding the knowledge requirement was not satisfied where "the Diocesan Defendants had reason to suspect that Liberatore was sexually abusing Plaintiff, [but] there is nothing in the record demonstrating that the Diocesan Defendants consciously shared Liberatore's knowledge of the underlying substantive offenses.")

Finally, Plaintiffs do not allege that Mr. Webb acted with intent to facilitate the alleged abuse of Plaintiffs by Defendant Frizzell. Plaintiffs must plead facts that Mr. Webb "actively participated in some manner to assist [Defendant Frizzell] in the commission of their offenses." *See id.* at 757. Here, Plaintiffs claim only that "in creating USASF to create an appearance of safety from child abuse . . . [Mr.] Webb facilitated the abuse in these cases." (Opp. 13.) Plaintiffs' allegation that Mr. Webb created USASF is false and unsupported by well-pled facts. Even if such allegations were true, which they are not, Plaintiffs do not explain how the creation of USASF would constitute active participation in, or assistance of, the alleged sexual abuse of Plaintiffs by Defendant Frizzell. Nor can Plaintiffs allege plausibly that Mr. Webb "desired that [any defendant's] crimes be accomplished." *See Liberatore*, 478 F. Supp. 2d at 757. Notably, Plaintiffs allege that "[Mr.] Webb and the Varsity Defendants founded Defendant USASF" in 2003. (Compl. ¶ 55.) John Doe 1 alleges abuse in 2022, while John Doe 2 alleges abuse in 2020. (Compl. ¶¶ 192 – 96.) Plaintiffs cannot allege plausibly that Mr. Webb participated in the creation of an entity in 2003 with the intent of facilitating sexual abuse of Plaintiffs in 2020 or 2022.

3

Plaintiffs suggest that Mr. Webb can be liable under Section 2255 via a theory of vicarious liability. In doing so, Plaintiffs ignore the extensive case law cited in Mr. Webb's Motion, and instead rely on a single, inapposite out-of-circuit maritime case. (Opp. 9.) (citing *Jane Doe No. 8 v. Royal Caribbean Cruises, Ltd.*, 860 F. Supp. 2d 1337, 1340 (S.D. Fla. 2012)). The *Royal Caribbean* case on which Plaintiffs rely considered vicarious liability solely in the context of federal maritime law. Central to the case was "the principle of federal maritime law that a cruise line is strictly liable for a crew member's assault of a passenger." *Royal Caribbean*, 860 F. Supp. 2d at 1339. The question before the court was whether Congress "incorporate[d] this long-standing principle of federal maritime law when enacting § 2255." *Id.* at 1340. The court recognized that Section 2255 is "silent about the scope of liability" and that Congress has not expressly limited liability to the criminal offender. *Id.* at 1341 – 42. The court concluded that, in the absence of express language to the contrary, it must "presume that Congress intended to incorporate [into Section 2255] longstanding *principles of federal maritime law*, including the principle—applicable here—that a cruise lines is strictly liable for a crew member's assault of a passenger." *Id.* at 1342 (emphasis added). *Royal Caribbean* did not find that Section 2255 provided for vicarious liability in all cases or, indeed, in any case not governed by federal maritime law.

This case does not involve federal maritime law, or any other law that provides for strict secondary liability. Consequently, *Royal Caribbean*, which involved unique questions of federal maritime law and strict liability, is inapplicable to the facts of this case.

Finally, Plaintiffs devote much of their response to irrelevant and confusing arguments about "the SafeSport Act."[1] (Opp. at 9, 11 – 12.) Plaintiffs' argument regarding whether USASF

---

[1] Plaintiffs incorrectly suggests that the 2017 "SafeSport Act" provided Plaintiffs with the right of action under Section 2255. Rather, the act under which Plaintiffs pursue their claim has been in place since 2005. 18 U.S.C. § 2255.

timely and properly did or did not submit to "the jurisdiction of the U.S. SafeSport Center for oversight" is irrelevant to whether any defendant, particularly Mr. Webb, is liable under Section 2255. Failure to submit to SafeSport oversight, even if true, would not constitute a violation of any of the fourteen predicate criminal statutes necessary to support a Section 2255 claim. *See* 18 U.S.C. § 2255.

**B.      Plaintiffs' RICO Claim Fails and Must be Dismissed.**

Plaintiffs fail to meet their burden of alleging *facts* that plausibly support any RICO claim against Mr. Webb. Specifically, Plaintiffs do not allege standing to pursue their RICO claim, the existence of a RICO enterprise, a pattern of racketeering activity, or Mr. Webb's involvement in a RICO conspiracy.

> *1.     Plaintiffs fail to identify an injury to business or property or the proximate cause of any such injury.*

In the Opposition, Plaintiffs claim standing to pursue their RICO claim because they "remit[ed] payment directly to the Enterprise Defendants." (Opp. at 16.)[2] In doing so, Plaintiffs disregard their own allegations in the Complaint that, "[b]ut for the fraudulent assurances . . . *the abuse would not have occurred causing the injuries* described above." (Compl. ¶ 309) (emphasis added.) The Complaint makes clear that, had Plaintiffs not been abused, any payments they made to participate in competitive cheer would not constitute a loss or injury.

Other than the conclusory statement that they made payments "as a proximate result" of purported promises of safety, Plaintiffs do not respond to Mr. Webb's argument regarding proximate causation. (Opp. at 15 – 16.) Plaintiffs do not explain how the "causal chain" between

---

[2] The Opposition offers vague and conclusory allegations about mail fraud, wire fraud, cover-ups, promises, inducements, and payments, but does not cite to any facts in the Complaint. (Opp. at 15.)

5

the alleged sex abuses and Plaintiffs' claimed damages against Mr. Webb is either proximate or direct. *See Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 11 (2010) (declining to "stretch[] the causal chain of a RICO violation" where "the conduct causing the harm was distinct from the conduct giving rise to the fraud.")  Here, the alleged abuse by Defendant Frizzell is distinct from the alleged misrepresentations, and Plaintiffs do not plead any facts connecting either to Mr. Webb.

> 2. *Plaintiffs' Opposition highlights the failure in the Complaint to allege the existence of a RICO enterprise.*

Plaintiffs wholly ignore the Complaint's failure to allege that Mr. Webb was a member of any RICO enterprise.  (*See* Compl. ¶¶ 289 – 90 (alleging certain Defendants entered into an enterprise, but not Mr. Webb); ¶ 21 (defining "Varsity Defendants" as "Varsity Spirit, LLC, Varsity Brands, LLC, and Varsity Brands Holding company, Inc.").)  Rather, for the first time, the Opposition purports to include Mr. Webb among the members of the purported RICO enterprise. (Opp. at 17) ("Defendant Webb, the Varsity Defendants, Defendant USASF, Defendant Charlesbank, and Defendant Bain Capital engaged in the illegal acts . . .).  Doing so is improper, and the Court should disregard Plaintiffs' attempt to use the Opposition to amend the Complaint. *See Bates*, 958 F.3d at 484.

Even if the Court were to consider Plaintiffs' attempted addition of Mr. Webb to the purported enterprise, the allegation is conclusory.  Plaintiffs do not allege any agreement or coordination between Mr. Webb and the other purported members of the enterprise.  Plaintiffs do not respond to Mr. Webb's argument that the Complaint does not allege facts showing that Mr. Webb and any of the other alleged members of the enterprise "coordinated in such a way that they function as a continuing unit."  *See Shields v. UnumProvident Corp.*, 415 F.App'x. 686, 691 (6th Cir. 2011).  Plaintiffs argue they need only to "plausibly allege that [Mr. Webb] made decisions or knowingly carried out acts that helped further the common purpose of the Enterprise."  (Opp.

at 18.) Yet Plaintiffs fail to meet that standard because they do not allege any decisions or acts by Mr. Webb that helped further a "common purpose of recklessly, intentionally, and willfully endangering the Plaintiffs as minor athletes by exposing them to illegal sexual abuse, imagery, and exploitation." (*See* Compl. ¶ 291) (stating the alleged "common purpose" of the enterprise.)

Nor do Plaintiffs attempt to explain how the purported RICO enterprise members did anything other than operate their own affairs, rather than that of the enterprise. *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (RICO "liability depends on showing that the defendants conducted or participated in the conduct of the '*enterprise*'s affairs,' not just their *own* affairs.") (emphasis in original). Plaintiffs' failure to respond to arguments in support of their claim of a RICO enterprise means they have conceded Mr. Webb's defense. *See 4th Leaf, LLC v. City of Grayson*, 425 F. Supp. 3d 810, 823 (E.D. Ky. 2019) ("[A] plaintiff generally concedes a defense when they fail to respond to the defendant's argument.")

> 3. *Mr. Webb did not participate in a pattern of racketeering activity or a RICO conspiracy.*

Plaintiffs concede that Mr. Webb did not commit at least two predicate acts of racketeering activity, arguing instead that "[Mr.] Webb need only 'agree to pursue the same criminal objective' as that of the enterprise." (Opp. at 19) (quoting *Salinas v. United States*, 522 U.S. 52, 65 (1997)). Plaintiffs confuse a RICO claim under Section 1962(c) with a RICO conspiracy claim under 1962(d). While Plaintiffs purport to assert a RICO conspiracy claim under Section 1962(d), they also purport to assert a substantive RICO claim under Section 1962(c). (Compl. Count II.)

A substantive RICO claim under Section 1962(c) requires pleading that each defendant committed one of the underlying predicate acts. *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 605 (E.D. Mich. 2015). The Complaint does not allege that Mr. Webb violated Section 2255, or that he made any fraudulent statements via mail or wire. In the Opposition, Plaintiffs argue, "[Mr.]

7

Webb branded, promoted, and misrepresented the 'certified safe' environment for child athletes" but do not identify any facts in the Complaint to substantiate that claim. Plaintiffs' failure to identify any fact in the Complaint demonstrating that Mr. Webb committed a predicate act of racketeering is fatal to their substantive RICO claim.

With respect to their RICO conspiracy claim, Plaintiffs rely on the vague and unsubstantiated claim that Mr. Webb "was considered by all to have utter control over All-star competitive cheer." (Opp. at 19.) This absurd statement provides no basis to conclude that Mr. Webb participated in a RICO conspiracy involving abuse of children, or mail or wire fraud.

## C. Plaintiffs' Gross Negligence Claim Fails.

The Opposition does not rescue Plaintiffs' gross negligence claim because Plaintiffs fail to articulate any duty of care owed by Mr. Webb and do not identify any act or omission by Mr. Webb that could constitute a breach of any duty.

### 1. *Plaintiffs have not articulated a basis to impose a duty on Mr. Webb, or well-pled facts to impose a duty.*

In an attempt to argue that Mr. Webb voluntarily undertook a duty to Plaintiffs, the Opposition claims that "Defendant Webb knew and acknowledged" the danger of "harm perpetrated upon children" and that he "created Defendants USASF and USA Cheer to address this risk of harm." (Opp. at 23.) The Complaint is devoid of any facts supporting Plaintiffs' claim that Mr. Webb "knew and acknowledged" the danger of abuse of children. Likewise, although the Complaint alleges Mr. Webb had a role in creating USASF and USA Cheer, the Compliant does not allege that Mr. Webb created USASF and USA Cheer to address the risk of athlete abuse. Regardless, Plaintiffs do not allege any facts that Mr. Webb "'assumed to act' with respect to [Plaintiffs] such that [he] became subject to a 'duty of acting carefully' with respect to [Plaintiffs]." *Doe v. Andrews*, 2017 WL 3443598, at *10 (M.D. Tenn. Aug. 9, 2017).

8

Although foreseeability may determine if an individual owes a duty to another, the Complaint does not allege any facts that Mr. Webb was aware of any material threat of sexual abuse by Defendant Frizzell or that Plaintiffs would suffer such abuse. Plaintiffs' claim regarding "rampant reports of abuse and misconduct"[3] does not establish foreseeability of harm by the alleged perpetrator (Defendant Frizzell) of the abuse against either Plaintiff. (*See* Opp. at 24 – 25.) Plaintiffs must allege "at least *reasonable* foreseeability—a foreseeability built on something more than mere possibilities." *Andrews*, 2017 WL 3443598 at *13 (emphasis in original). "Reasonable foreseeability" requires "some *particularized* indication that misconduct might be taking place." *Id.* at *14 (emphasis added). Neither the Complaint nor the Opposition identifies any particularized facts indicating foreseeability that Defendant Frizzell would harm either Plaintiff.[4]

### 2. *Plaintiffs fail to identify any breach by Mr. Webb.*

Even if Mr. Webb owed Plaintiffs some duty of care, which he did not, Plaintiffs' gross negligence claim still fails because they have not identified any breach. Plaintiffs must allege that Mr. Webb committed some act or omission exhibiting a "conscious disregard of the consequences" and that "probably and most likely [will] result in injury" to Plaintiffs. *Spearman v. Shelby Cnty. Bd. Of Educ.*, 637 S.W.3d 719, 736 (Tenn. Ct. App. 2021). The only act that Plaintiffs attribute to Mr. Webb is some vague role in creating USASF and USA Cheer, which Plaintiffs allege were "governing safety bodies." (Opp. at 23.) However, creating a "governing safety body" could not plausibly be an act that most likely will result in injury.

---

[3] Notably, this allegation of "rampant reports of abuse" is unsubstantiated and not supported by any facts alleging knowledge by Mr. Webb of such "rampant reports" in the cheer industry.

[4] While Plaintiffs allege that Premier notified USASF of potential abuse perpetrated by Defendant Frizzell, they do not allege that Mr. Webb was notified of any such abuse. Nor do they allege that Plaintiffs suffered abuse *after* Premier allegedly notified USASF of Defendant Frizzell's misconduct.

9

**D.      Plaintiffs' Intentional Infliction of Emotional Distress.**

The Opposition repeats the Complaint's failure to identify any conduct attributable to Mr. Webb to support their IIED claim.  Instead, Plaintiffs refer to "Defendants" in describing the purported conduct on which they base their IIED claim.  Doing so is fatal to their IIED claim. *Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (explaining that a complaint failed to provide each defendant with "fair notice" by "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct.")  Moreover, Plaintiffs do not cite any authority supporting their claim that the conduct that they do complain of—alleged representation that a gym and sport are safe, and allegedly promoting Defendant Frizzell when they "should have known" he "likely sexually abused" Plaintiffs—is "so outrageous that it is not tolerated by civilized society."  *See Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville¸*154 S.W.3d 22, 31 (Tenn. 2005).

Finally, Plaintiffs state that "[i]t is difficult to imagine conduct more appalling than child sexual abuse." (Opp. at 27.)  Mr. Webb agrees with Plaintiffs on this point—child sexual abuse is exceptionally appalling.  However, Mr. Webb has never sexually abused any child, and Plaintiffs have not alleged as much.  Plaintiffs have not alleged that Mr. Webb was aware of the sexual abuse that they suffered.  Nor have Plaintiffs alleged that Mr. Webb engaged in any conduct, extreme and outrageous or otherwise, causing the abuse of children.  Plaintiffs' failure to identify a single factual allegation supporting an IIED claim against Mr. Webb epitomizes the fatal flaws in the Complaint.  There is no basis for Mr. Webb to be a defendant in this case.

### III.      CONCLUSION

For the reasons stated in Mr. Webb's Motion to Dismiss and herein, the Court should dismiss with prejudice all claims against Mr. Webb.

Dated: May 15, 2023

                                Respectfully submitted,

                                */s/ Brendan P. Gaffney*
                                Edward L. Stanton III (TN Bar #018904)
                                Butler Snow LLP
                                6075 Poplar Avenue, Suite 500
                                Memphis, Tennessee 38119
                                Telephone: (901) 680-7336
                                Facsimile: (901) 680-7201
                                Email: Edward.Stanton@butlersnow.com

                                Paul E. Coggins (TX Bar #04504700)
                                Brendan P Gaffney (TX Bar #24074239)
                                Katherine S. Wright (TX Bar #24095732)
                                Locke Lord LLP
                                2200 Ross Avenue, Suite 2800
                                Dallas, TX 75201
                                Telephone:    (214) 740-8000
                                Facsimile:    (214) 756-8000
                                Email: pcoggins@lockelord.com
                                Email: bgaffney@lockelord.com
                                Email: Katie.wright@lockelord.com

                                **ATTORNEYS FOR JEFF WEBB**