IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Mary Doe as next friend of John Doe 1, John Doe 2, and John and Jane Does 1-100,<br><br>Plaintiffs,<br><br>v.<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation; USA Federation of Sport Cheering d/b/a USA Cheer; Charlesbank Capital Partners, LP; Bain Capital, LP; Jeff Webb, individually, Gym & Studio Ops, LLC d/b/a Premier Athletics, Susan Traylor, and Dominick Frizzell,<br><br>Defendants. | Case No.: 2:22-cv-02657-JTF-tmp<br><br>Honorable John T. Fowlkes, Jr. |

**DEFENDANT BAIN CAPITAL'S REPLY IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS COMPLAINT**

## TABLE OF CONTENTS

                                                                             **Page**

INTRODUCTION .................................................................................................................................1

I.     NO PERSONAL JURISDICTION EXISTS OVER BAIN CAPITAL................................1

          A.     Plaintiffs' Pleading Lacks Facts For a *Prima Facie* Finding of Jurisdiction...........1

          B.     No Factual Basis Warranting Jurisdictional Discovery ...........................................3

II.    PLAINTIFFS FAIL TO STATE CLAIMS AGAINST BAIN CAPITAL ..........................3

          A.     Plaintiffs Fail To State A Claim Under Section 2255................................................3

          B.     Plaintiffs Fail To State A RICO Claim .....................................................................5

          C.     Plaintiffs' Negligence Claims Fail For Lack Of A Legally-Cognizable Duty ........................................................................................................................................8

          D.     Unjust Enrichment Claim Fails Due to No Direct Payments to Bain Capital ........................................................................................................................................9

          E.     Plaintiffs' Negligent And/Or Intentional Infliction Of Emotional Distress Claim Fails Because They Do Not Plead Requisite Duty, Conduct, Or Intent ......................................................................................................................................10

CONCLUSION..................................................................................................................................10

Defendant Bain Capital, LP ("Bain Capital") respectfully submits this reply in further support of its motion and supporting memorandum of law (ECF Nos. 87 and 87-1 (memorandum, 87-1, is referred to as "Mot.")) to dismiss the Amended Complaint of Plaintiffs Mary Doe as next friend of John Doe 1, John Doe 2, and John and Jane Does 1–100, Dkt. 7 ("Complaint") in its entirety under Federal Rules of Civil Procedure ("Rules") 12(b)(2) and 12(b)(6). Bain Capital fully incorporates the replies filed by Defendants Varsity Spirit, Varsity Brands and Charlesbank.

## INTRODUCTION

Plaintiffs' Opposition (ECF Dkt. No. 119 ("Opp.")) fails to establish that any portion of the Complaint is legally sufficient to proceed against Bain Capital. As a threshold matter, there is no personal jurisdiction over Bain Capital. Plaintiffs' arguments for personal jurisdiction consist of vague, conclusory assertions without cites to the Complaint, which does not support a *prima facie* finding. In addition, Plaintiffs' purported causes of action are not adequately supported with factual allegations and fail as a matter of law. For the reasons below, none of Plaintiff's claims against Bain Capital state a claim, and Bain Capital should be dismissed from this litigation.

I.   **NO PERSONAL JURISDICTION EXISTS OVER BAIN CAPITAL**

  A.   **Plaintiffs' Pleading Lacks Facts For a *Prima Facie* Finding of Jurisdiction**

Plaintiffs' Complaint and Opposition identify no valid basis for personal jurisdiction over Bain Capital in Tennessee. *First*, the Opposition implicitly concedes lack of general jurisdiction over Bain Capital. The Complaint lacks any allegation that Bain Capital is "at home" in Tennessee. Rather, it is a Massachusetts entity, with its principal place of business in Boston. Compl. ¶ 26.

*Second*, Plaintiffs fail to point to any allegations that could support a *prima facie* finding of specific personal jurisdiction. Plaintiffs state—without citing any part of the Complaint—that they "have set forth facts sufficient to demonstrate the first two prongs" of the Sixth Circuit's three-part test for specific jurisdiction. (Opp. at 8.) Not so. Plaintiffs must "set forth specific facts

showing that the Court has jurisdiction." *Reeves v. 1st Class Real Estate, LLC*, 2022 WL 3652953, at *1 (W.D. Tenn. 2022). In their Opposition, Plaintiffs fail to identify a single complaint-paragraph that even refers to both Tennessee and Bain Capital, let alone shows that Bain Capital (i) purposefully availed itself of conducting business in Tennessee or (ii) engaged in activities in Tennessee that could give rise to a cause of action.[1] *See, e.g.*, *Burrell v. Concept AG, LLC*, 2019 WL 12762540, at *11 (W.D. Tenn., 2019) (no personal jurisdiction when defendants' actions were "of insufficient quantity and quality to constitute 'minimum contacts' with" Tennessee). Because the alleged facts presented by Plaintiffs fail to state a *prima facie* case for jurisdiction, dismissal is proper. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

*Third*, Plaintiffs ignore Bain Capital's argument on the third prong, which requires "the acts of the defendant or consequences caused by the defendant [to] have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Burrell v. Concept AG, LLC*, 2019 WL 12762540, at *6 (W.D. Tenn., 2019) (citations omitted). As explained in the opening brief (Mot. at 6), Plaintiffs alleged no substantial connection between Bain Capital and Tennessee, and Bain Capital would be substantially burdened by litigating there. *Fourth*, Plaintiffs inappropriately use group pleading to argue that "the pervasive relationship alleged by and between Defendants Bain" and other Defendants (Opp. at 6–7) establishes personal jurisdiction over Bain Capital.[2] But personal jurisdiction must be established

---

[1] *Compare* 24 paragraphs mentioning Tennessee (Compl. ¶¶ 2, 11–19, 22, 27, 63, 72, 91, 117, 167, 178–79, 221, 241, 257, 273, 324) to 28 separate paragraphs mentioning Bain Capital (*id.* ¶¶ 4, 26, 69, 75, 104–08, 128, 131–32, 138, 166, 200, 208, 211–13, 275, 279, 290, 294, 296, 375–78).

[2] *See* Opp. at 7 ("The abuse perpetrated on Plaintiffs happened in Tennessee, while Defendants Frizzell and Traylor were certified members of Defendant USASF, and Defendant Premier Athletics (a Tennessee gym) was owned by Defendant Varsity Spirit."); *id.* at 10 ("Plaintiffs have alleged that Defendants collectively knew of the abuse being perpetrated upon Plaintiffs by Defendant Frizzell.")

2

"over each defendant independently." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006) (citation omitted). Plaintiffs failed to do so.

*Fifth*, Plaintiffs cannot rely on RICO's statutory nationwide service of process provisions (Opp. at 5)[3] to save their RICO claim because it fails as a matter of law. *See infra* § II.B.

### B. No Factual Basis Warranting Jurisdictional Discovery

Plaintiffs' request for jurisdictional discovery (Opp. at 8–9), should be denied. "A plaintiff is not entitled to discovery if she cannot . . . 'offer any factual basis for [her] allegations' and give the district court 'a reasonable basis to expect that . . . discovery would reveal' evidence that supports the claimed jurisdiction." *C.H. By and Through Shields v. United States*, 818 Fed.Appx. 481, 484 (6th Cir. 2020) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981); *Willis v. RhinoAg, Inc.*, 2020 WL 2529842, at *2 (W.D. Tenn., 2020) (denying request for "fail[ure] to present any jurisdictional facts of colorable basis for jurisdiction") (citation omitted). "[C]ourts need not permit jurisdictional discovery where"—as here—"the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction." *Cabinets to Go, LLC v. Qingdao Haiyan Real Est. Grp. Co., LTD*, 605 F.Supp.3d 1051, 1062 (M.D.Tenn., 2022) (citation omitted).

## II. PLAINTIFFS FAIL TO STATE CLAIMS AGAINST BAIN CAPITAL

### A. Plaintiffs Fail To State A Claim Under Section 2255

Plaintiffs' Opposition fails to establish that Section 2255 allows for secondary liability.[4] Plaintiffs cite *Jane Does No. 8 v. Royal Caribbean Cruises, Ltd.* (Opp. at 9) without acknowledging the court's presumption of Congress's intent "to incorporate longstanding

---

[3] As explained in Charlesbank's Reply, RICO's nationwide service of process provision does not automatically confer personal jurisdiction (*see* Charlesbank Reply § I.B).
[4] As explained in Varsity Spirit's Reply, Section 2255 is limited to suits against perpetrators (*see* Varsity Spirit Reply § I).

3

principles of federal maritime law" into Section 2255, including a cruise line's strict liability for crew assaults on passengers. 860 F. Supp. 2d 1337, 1342 (S.D. Fla. 2012) (noting Section 2255 does not preclude liability for the "alleged conduct in this particular case"). The *Royal Caribbean* court explained that "the text of § 2255 is silent about the scope of liability," *id.*, and "statutory silence on the subject of secondary liability means there is none." *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 689 (7th Cir. 2008); *Jones v. Glob. Info. Grp., Inc.*, 2009 WL 799743, at *2 (W.D. Ky. Mar. 25, 2009) (same); *see also Doe ex rel. Doe v. Hansen*, 2018 WL 2223679, at *5 (E.D. Mo. May 15, 2018) ("[T]he civil remedy provision [of Section 2255] does not permit claims for secondary or vicarious liability."); *see also* Mot. at 10 (collecting cases).

Plaintiffs' novel aiding and abetting theory does not alter the outcome.[5] Such claims necessitate proof of a defendant's knowledge and intent, including prior knowledge of specific wrongdoing. *See, e.g., Rosemond v. U.S.*, 572 U.S. 65, 76–78 (2014); *see also M.A. ex rel. P.K. v. Vill. Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041, 1054 (E.D. Mo. 2011) (rejecting use of 18 U.S.C. § 2 as prerequisite for Section 2255 when Complaint failed to "describe the specific intent required"). Plaintiffs do not allege, nor could they, that Bain Capital had knowledge of, intent to participate in, or actual participation in the specific abuse. Plaintiffs merely assert inadequate investigations by unspecified "Defendants," yet identify no statements showing that Bain Capital had knowledge of, or any involvement in, the alleged misconduct. (Opp. at 10). The cited paragraphs do not even reference Bain Capital or the Varsity Defendants (*id.* (citing Compl. ¶¶ 249–52, 257 (discussing only Defendants Frizzell, Premier Athletics, and USASF). Nor do other cited paragraphs mention Bain Capital (see Opp. at 10–11 (citing Compl. ¶¶ 63, 241–43). In

---

[5] *United States v. Papakee*, 573 F.3d 569 (8th Cir. 2009) (Opp. at 10), is inapposite as it involves a different statute, 18 U.S.C. § 2242, pertaining to sexual abuse occurring in "the special maritime and territorial jurisdiction of the United States or in a Federal prison . . . ." *Id.*

4

any event, Plaintiffs fail to show how any investigative failure—rooted in *negligence*—could violate a predicate criminal statute underlying § 2255.

B.     **Plaintiffs Fail To State A RICO Claim**

**No RICO Injury**: Plaintiffs' Opposition does nothing to show that their Complaint pleads a RICO injury. An "injury to . . . business or property" is essential for RICO standing. 18 U.S.C. § 1964(c). By alleging that their injuries directly follow from alleged sexual abuse by Frizzell, Plaintiffs concede the injuries are "personal injuries." Compl. ¶¶ 224–33, 265–69, 281. But personal injuries are not to "business or property" and do not confer RICO standing. *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 565–66 (6th Cir. 2013). This principle applies even when "pecuniary losses flow[] from those personal injuries." *Id.* at 565. Plaintiffs fail to address the Sixth Circuit's *Jackson* holding[6] and present the Supreme Court's language in *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) as the end of the analysis. But the *Jackson* Court considered *Reiter* and concluded: "[T]he concept is clear: both personal injuries and pecuniary losses flowing from those personal injuries fail to confer relief under [RICO]." 731 F.3d at 565–66 (emphasis added).[7]

**No Causation**: Plaintiffs likewise fail to show that their Complaint sufficiently pled causation, which is essential to a civil RICO claim under 18 U.S.C. § 1964(c). Liability follows only from an injury "by reason of" racketeering activity. 18 U.S.C. § 1964(c). A "link that is too remote, purely contingent, or indirect is insufficient." *Hemi Grp., LLC v. City of N.Y.*, 559 U.S. 1,

---

[6] Jackson's analysis of *Reiter* acknowledged the "Court distinguished a non-redressable 'personal injury' from 'a consumer's monetary injury arising directly out of a retail purchase' tainted by anticompetitive behavior." *Jackson*, 731 F.3d at 575. (emphasis added). Two elements are absent here: (1) Plaintiff does not allege any anticompetitive behavior by any Defendant, and; (2) there is no "retail purchase." Here, Plaintiffs' payment consists of participation fees. Compl. ¶ 358.
[7] The Sixth Circuit is not alone in its interpretation of *Reiter*. *See* Mot. at 12 (*citing Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170 (S.D.N.Y. 2019); *Magnum v. Archdiocese of Phila.*, 2006 WL 3359642, at *4 (E.D. Pa. Nov. 17, 2006)). Plaintiffs do not address these cases.

9 (2010) (internal quotations omitted). Plaintiffs fail to respond to the argument that there is no plausible direct link between Bain Capital's alleged purchase of the Varsity Defendants and Plaintiffs' asserted injury of paying fees to participate in cheer sports. *See* Mot. at 13. Apart from quoting *Hemi Grp.* (Opp. at 11) and stating that they "alleged that they were induced by the Varsity machine, funded, and perpetrated by Defendants Charlesbank and Bain, to join gyms . . ." (Opp. at 12), Plaintiffs provide no response. Despite the factual parallels with this action, Plaintiffs do not address *Gilbert v. U.S. Olympic Comm.*, 2019 WL 1058194, at *25 (D. Colo. Mar. 6, 2019).[8]

Plaintiffs attempt to remedy this pleading deficiency by asserting that some of the alleged predicate conduct of other defendants—alleged statements that the programs were a "safe environment"—may have induced the payments. Opp. at 14. But such statements cannot establish proximate cause under Supreme Court precedent. The Supreme Court has affirmed dismissal when the causal link "between the fraud alleged and injury suffered [is] attenuated." *Hemi Grp.*, 559 U.S. at 10 (internal quotations omitted); *Gilbert*, 2019 WL 1058194, at *25 (observing that courts "draw on [] judicial experience and common sense" in assessing whether but for and proximate causation are satisfied in a RICO pleading). Here, the Complaint alleges no facts that show that Plaintiffs paid the fees to attend the cheer events because of the alleged statements made by other defendants about the safe environment of the events.

**No Association In Fact**: The Complaint fails to allege sufficient facts to establish an "association in fact" showing that each defendant "associated together for a common purpose of engaging in a course of conduct." *U.S. v. Turkette*, 452 U.S. 576, 583 (1981) (emphasis added).

---

[8] *Gilbert* establishes that an alleged "injury" of paying sports participation fees is not proximately caused "by reason of" underlying racketeering activity when, as here, the plaintiff paid those fees because they are a condition precedent to participation. 2019 WL 1058194, at *25 . ("[T]he SAC alleges Plaintiffs paid $50 in dues to be members of [sporting organization] USAT, not as a result of the predicate acts.").

6

Courts routinely reject a finding of common purpose where, as here, there are significant differences in objectives among multiple defendants.[9] Plaintiffs ask this Court to accept as true the legal conclusion in Paragraph 291 of the Complaint that a common purpose existed among the defendants. Opp. at 12. But this form of "threadbare recital of the elements of a cause of action" does not pass muster under Rule 12. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs do not respond to Bain Capital's argument that the allegations fail to show how the so-called enterprise's diverse participants—ranging from personally motivated coach to profit-driven corporations—could share a single common purpose.

**No Pattern**: Plaintiffs' Opposition fails to establish the requisite "pattern." They have not alleged that Bain Capital committed the two predicate acts necessary to satisfy RICO's "pattern" element. 18 U.S.C. § 1961(5). As explained in the opening brief, Plaintiffs' scattershot wire fraud allegations cannot satisfy the "pattern" requirement nor the Rule 9(b) standard for such acts. *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012); Mot. at 15–16. Plaintiffs' vague reference to "a litany of facts demonstrating that Defendants' scheme to defraud … was part of the enterprise's regular way of doing business," (Opp. at 15), lacks the particularity required for a fraud claim. It remains that the Complaint lacks allegations that Bain Capital committed any predicate act, and therefore cannot sustain the claim. *Compound Prop. Mgmt., LLC v. Build Realty, Inc.*, 462 F. Supp. 3d 839, 858 (S.D. Ohio 2020).

Plaintiffs incorrectly claim that the "operation or management" of the enterprise is sufficient to "demonstrat[e] multiple predicate offenses committed by each Defendant." Opp. at 13. The "operation or management" standard is used to evaluate whether a defendant meets

---

[9] *See* Mot. at 14–15 (*citing Marshall v. Goguen*, 604 F. Supp. 3d 980, 1013 (D. Mont. 2022); *Nat'l Grp. for Commc'ns & Computs. v. Lucent Techs.*, Inc., 420 F. Supp. 2d 253, 271 (S.D.N.Y. 2006); *Rao v. BP Prods. N.A., Inc.*, 589 F.3d 389, 400 (7th Cir. 2009)).

RICO's "conduct" requirement, which prohibits a defendant from "conduct[ing] or participat[ing], directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). Each of Plaintiffs' cases show that this test goes to the "conduct" element and not the "pattern of racketeering activity"—a separate element.[10]

**No RICO Conspiracy**: With no viable substantive RICO claim, the conspiracy claim also fails. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 495 (6th Cir. 1990). The Opposition does not identify allegations of a Bain-Frizzell agreement to abuse Plaintiffs, as legally required. *Weberg v. Franks*, 229 F.3d 514, 526 (6th Cir. 2000) (citation omitted) ("Civil conspiracy is an agreement between two . . . persons to injure another by unlawful action.").

### C.     Plaintiffs' Negligence Claims Fail For Lack Of A Legally-Cognizable Duty

Plaintiffs do not contest that, under Tennessee law, there is generally "no duty to control the conduct of a third party so as to prevent the third party from causing harm to another[.]" Mot. at 16 (citation omitted). Although Plaintiffs invoke the special relationship exception (Opp. at 16), they ignore the authorities cited by Bain Capital that preclude a finding a special relationship here. *See, e.g.,* Mot. at 18 (citing *Doe v. Andrews*, 2017 WL 3443598, at *14–16 (M.D. Tenn. Aug. 9, 2017) (rejecting premises liability and special duty theories for negligence and gross negligence claims against local chapter and national fraternity whose member was accused of sexual assault); *Boswell v. Young Men's Christian Ass'n of Middle Tenn*., 2019 WL 1422926, at *9 (Tenn. Ct. App. Mar. 29, 2019) (granting summary judgment on negligence and gross negligence claims, finding plaintiff failed to state a claim that defendants had a duty to prevent sexual assault by one member against another member on YMCA premises). None of the typical scenarios in which a

---

[10]   *See Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 792 (6th Cir. 2012) (discussing "operation or management" as part of the "conduct" element analysis); *Reves v. Ernst & Young*, 507 U.S. 170, 177–86 (1993) (same); *U.S. v. Fowler*, 535 F.3d 408, 418 (6th Cir. 2008) (same).

8

special relationship is found exists here: "innkeeper and guest, common carrier and passenger, possessors of land and guests, social host and guest, and those who have custody over another." *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008). Plaintiffs have not cited, nor is Bain Capital aware of, cases establishing "special relationships" from equity investments.

Without citation to the Complaint, Plaintiffs generally argue that Bain "owned and cultivated the Varsity network," but that is plainly insufficient to establish liability. *Compare* Opp. at 17 *with Precision, Inc. v. Kenco/Williams, Inc.*, 66 F. App'x. 1, 4 (6th Cir. 2003) (citing *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998)) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries."). Plaintiffs also rely on "conduct undertaken after the Bain acquisition to monitor and police the sport related to sexual abuse," such as the Unified Ineligibility List. Opp. at 17. But this implies conduct *reducing* the alleged zone of risk, and the Complaint ascribes responsibility for the list to Defendants USASF and USA Cheer, not Bain Capital. Compl. ¶¶ 114–18.

### D.  Unjust Enrichment Claim Fails Due to No Direct Payments to Bain Capital

Plaintiffs' claim that Bain Capital "received substantial financial benefits from Plaintiffs" (Opp. at 18) is conclusory. The Complaint lacks allegations of direct benefits to Bain Capital. To establish an unjust enrichment claim under Tennessee law, "a plaintiff must have conferred a benefit upon the defendant." *U.S. v. Goforth*, 465 F.3d 730, 734 (6th Cir. 2006) (citations omitted). Without allegations of direct payments to Bain Capital, the unjust enrichment claim fails. *See Baxter v. Select Portfolio Servs., Inc.*, 2019 WL 1748549, at *4 (W.D. Tenn. Apr. 18, 2019) (Plaintiff "only [made] a conclusory allegation that a benefit was conferred on Defendant").

The unjust enrichment claim is also barred by Plaintiffs' breach of contract claim against other defendants for the same fees. Courts only apply an unjust enrichment remedy when: "1) a valid contract does not exist between the parties in the action or the contract has become

9

unenforceable or invalid; and 2) the defendant will be unjustly enriched absent a quasi-contractual obligation." *Howard v. Nationstar Mortg., LLC*, 2017 WL 9807334, at *6 (W.D. Tenn. June 13, 2017) (Fowlkes, J.) (citing *Paschall's Inc. v. Dozier*, 407 S.W.2d 150, 154–55 (1966)); *Sigmon v. Appalachian Coal Properties*, 400 F. App'x 43, 50 (6th Cir. 2010) (requirement for "unjust enrichment claim is that there be no valid . . . contract between the parties.").

### E. Plaintiffs' Negligent And/Or Intentional Infliction Of Emotional Distress Claim Fails Because They Do Not Plead Requisite Duty, Conduct, Or Intent

Plaintiffs' Opposition (Opp. at 18–19) fails to resuscitate their negligent infliction of emotional distress (NIED) and intentional infliction of emotional distress (IIED) claims. *First*, Plaintiffs' conclusory assertion that all Defendants "violated their responsibilities to Plaintiffs" (Compl. ¶ 383) should be rejected because Plaintiffs' negligence-based claims lack a legally-cognizable duty from Bain Capital (§ II.C). Plaintiffs cannot impute Varsity Defendants' alleged actions to Bain Capital. *See In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 554 (6th Cir. 1999) (Court "should not presume recklessness or intentional misconduct from a parent corporation's reliance on its subsidiary's internal controls"). *Second*, the NIED and IIED claims fail due to lack of pleaded intent or outrageous conduct. Plaintiffs provide no support for their contention that Bain Capital intended to cause serious emotional distress. And the Complaint lacks facts specifically attributable to Bain Capital meeting the "so outrageous as to be intolerable" threshold. Opp. at 18 (citing *Miller v. Willbanks*, 8 S.W.3d 607 (Tenn. 1999)).

### CONCLUSION

For these reasons, Bain Capital should be dismissed with prejudice from this action.[11]

---

[11] See *Presley v. JP/Politikens Hus*, 2014 WL 763408, at *4 (W.D.Tenn., 2014) (Fowlkes, J.) (dismissing for lack of personal jurisdiction with prejudice).

10

DATED:  May 15, 2023                                         Respectfully submitted,


                                                             /s/ Jonathan P. Lakey

                                                             **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

                                                             Manisha Sheth (admitted *pro hac vice*)
                                                             manishasheth@quinnemanuel.com
                                                             Kathryn Bonacorsi (admitted *pro hac vice*)
                                                             kathrynbonacorsi@quinnemanuel.com
                                                             51 Madison Avenue, 22nd Floor
                                                             New York, NY 10010
                                                             Telephone: (212) 849-7000
                                                             Facsimile: (212) 849-7100

                                                             Diane M. Doolittle (admitted *pro hac vice*)
                                                             dianedoolittle@quinnemanuel.com
                                                             555 Twin Dolphin Drive, 5th Floor
                                                             Redwood Shores, CA 94065
                                                             Telephone: (650) 801-5000
                                                             Facsimile: (650) 801-5100

                                                             Josef Ansorge (admitted *pro hac vice*)
                                                             josefansorge@quinnemanuel.com
                                                             1300 I. Street, N.W., Suite 900
                                                             Washington, D.C. 20005
                                                             Telephone: 202-538-8000
                                                             Facsimile: 202-538-8100

                                                             And

                                                             **BURCH, PORTER & JOHNSON PLLC**

                                                             Nathan A. Bicks (TN #10903)
                                                             Jonathan P. Lakey (TN #16788)
                                                             Tannera G. Gibson (TN #27779)
                                                             nbicks@bpjlaw.com
                                                             jlakey@bpjlaw.com
                                                             tgibson@bpjlaw.com
                                                             130 North Court Avenue
                                                             Memphis, TN 38103
                                                             Telephone: 901-524-5000
                                                             Facsimile: 901-524-5024

                                                             *Attorneys for Defendant Bain Capital*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of May, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing though the Court's electronic filing system.

                                                        /s/Jonathan P. Lakey
                                                        Jonathan P. Lakey